# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### TOLEDO DIVISION

| | |
|---|---|
| ADIA A. WASHINGTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.3:18-cv-02008 |
| WEINBERG MEDIATION GROUP, LLC, and JTM CAPITAL MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## **COMPLAINT**

NOW comes ADIA A. WASHINGTON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of WEINBERG MEDIATION GROUP, LLC ("Weinberg"), and JTM CAPITAL MANAGEMENT, LLC ("JTM") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

1

## PARTIES

4. Plaintiff is a 39 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Toledo, Ohio, which lies within the Northern District of Ohio.

5. Weinberg is debt collector that "specializes in helping consumers and lenders with all of their debt resolution needs" and that holds itself out as a "3rd Party Mediation Group specializing in the recovery of bad debt at any level of delinquency."[1] Weinberg is a limited liability company organized under the laws of the state of New York with its principal place of business located at 3380 Sheridan Drive, Suite 133, Amherst, New York.

6. JTM is a debt collector that "specializes in delinquent account receivables management for a variety of industries."[2] JTM is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 6400 Sheridan Drive, Suite 138, Williamsville, New York.

7. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendants' attempts to collect upon an outstanding debt ("subject debt") said to be owed by Plaintiff.

10. The subject debt stems from a line of credit Plaintiff received from Mid America Bank and Trust.

---

[1] http://www.weinbergmediationgroup.com/home.html
[2] https://jtmcm.com/index.html

11. Upon information and belief, Weinberg, on behalf of or at the direction of JTM, began collecting on the subject debt in approximately July 2018.

12. On or about July 19, 2018, Plaintiff received a collection letter from Weinberg attempting to collect upon the subject debt.

13. This was the first written communication Plaintiff received from Defendant.

14. This letter represented that the "Balance Remaining" on the subject debt was $497.49.

15. The letter further stated that the "Payment Agreement Balance" on the subject debt was $497.49.

16. The letter further identified the original creditor as Mid America Bank and Trust.

17. Aside from the indication about the total amount due and the information about the original creditor, Weinberg's letter to Plaintiff failed to include additional information required by 15 U.S.C. § 1692g(a).

18. In addition to this collection letter, beginning on approximately July 13, 2018, Plaintiff started receiving phone calls from Weinberg attempting to collect upon the subject debt.

19. On or about July 19, 2018, Plaintiff received one such call from Weinberg.

20. Weinberg's phone call came from the phone number (216) 350-7527.

21. During this phone call, Weinberg represented to Plaintiff that it was a "mediator" who had been assigned to help resolve Plaintiff's account.

22. Weinberg further threatened taking legal action against Plaintiff in the event Plaintiff did not make payment arrangements during the phone call.

23. Confused and frustrated with Defendants' collection efforts, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

<u>**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).
>
> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10)

30. Defendants violated 15 U.S.C. §§ 1692e, e(2), e(3), and e(10) through the implications that Weinberg was an attorney or was otherwise an entity that would subject Plaintiff to legal action in the event payment on the subject debt was not made. Weinberg represented to Plaintiff that it was a mediation company hired to serve as a mediator in relation to settling the subject debt. Weinberg

4

further threatened invoking the courts as a means to address Plaintiff's non-payment of the subject debt. Given the inherent ties between mediation and litigation, in combination with the threats Weinberg made, Weinberg engaged in conduct which falsely implied that its communications were from an attorney competent to mediate legal disputes and who could similarly commence legal action against Plaintiff. These representations were designed to instill an undue sense of urgency in Plaintiff to address the subject debt, lest she be subjected to the legal action threatened against her by the "mediator" associated with her account.

31. Defendants further violated 15 U.S.C. § 1692e, e(2), e(5), and e(10) by threatening to take legal action that was not intended to be taken or which could not be taken. During the above referenced conversation between Plaintiff and Weinberg, threats of taking legal action against Plaintiff were made. However, Weinberg could not properly make these threats, as it was not the owner of the subject debt and presumably had no authority to initiate legal proceedings against Plaintiff.

32. Additionally, Defendants violated 15 U.S.C. § 1692e and e(10) when it represented both the "Balance Remaining" and "Payment Agreement Balance" as totaling $497.49 in the collection letter that was sent to Plaintiff. The use the phrase "Payment Agreement Balance" carries with it the suggestion that such balance would be an amount that was less than actual total of the subject debt. However, the total of these two balances is the same. As such, Defendants used deceptive means in an attempt to obscure the fact that the payment it was agreeing to accept was for the full balance owed on the subject debt.

 b.  **Violations of FDCPA § 1692g**

33. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt

5

. . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

34. Defendant violated 15 U.S.C. § 1692g(a)(2)-(5) by failing to send a written notice containing the required language within five days after its initial communication with Plaintiff. Defendants began communicating with Plaintiff as early as July 13, 2018. After this date, Plaintiff received a written correspondence from Defendants on July 19, 2018. As such, Defendant failed to provide the required written information within the required time frame. Even if the collection letter sent on July 19, 2018 was sent within five days after Defendants' initial communication with Plaintiff, the collection letter fails to contain all of the required information. While the written communication states the amount of the debt and the name of the original creditor, it fails to contain the required information regarding Plaintiff's rights to dispute the debt and have the debt validated. No other written communication was provided to Plaintiff regarding the subject debt prior to the filing of the instant lawsuit.

35. Although Weinberg is the entity that sent the collection letter to Plaintiff and directly communicated with Plaintiff via phone, JTM is either directly liable for its role as the current holder of the subject debt, or is vicariously liable for Weinberg's violations of the FDCPA.

WHEREFORE, Plaintiff, ADIA A. WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 31, 2018                                  Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Ohio               Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (630) 581-5858 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com