# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Adia A. Washington, | Case No. 3:18CV2008 |
| Plaintiff | |
| v. | **ORDER** |
| Weinberg Mediation Group, LLC, *et al.*, | |
| Defendants | |

This is a consumer protection case. Plaintiff Adia Washington alleges that defendants JTM Capital Management Group, LLC (JTM) and Weinberg Mediation Group, LLC (Weinberg) engaged in deceptive debt collection practices.

JTM acquired a debt, which Washington owed non-party Mid America Bank and Trust. JTM hired Weinberg to collect the debt. Washington alleges that Weinberg, in phone calls and a collection letter, implied that it could and would take legal action against her, misled her about the amount she owed, and failed to provide legally required disclosures. She claims that this conduct violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and that JTM is either directly or vicariously liable for the alleged violations.

Now pending is JTM's motion to dismiss (Doc. 5). For the reasons that follow, I deny the motion.

**Background**

At some unspecified time, Washington opened a line of credit with Mid America Bank and Trust. (Doc. 1 at 2, ¶ 9). Apparently, she fell behind in her loan repayments, incurring the debt at issue. Sometime thereafter, JTM "came into possession of" Washington's debt. (Doc. 9 at

1

2). According to the complaint, "JTM . . . specializes in delinquent account receivables management for a variety of industries." (Doc. 1 at 2, ¶ 6 (quoting JTM's website) (internal quotations omitted)).

JTM hired Weinberg to collect Washington's debt, and, beginning on July 13, 2018, Weinberg began contacting Washington for that purpose. (*See* Doc. 1 at 3, ¶¶ 11, 18).

During a July 19, 2018, phone call, "Weinberg represented to [Washington] that it was a 'mediator' who had been assigned to help resolve [her] account" and threatened legal action if Washington failed to make payment arrangements. (*Id.* at 3, ¶ 21).

That same day, Washington received her first written communication, a collection letter, from Weinberg. The collection letter listed both the "Balance Remaining" and the "Payment Agreement Balance" as $497.49 and "identified the original creditor as Mid America Bank and Trust." (*Id.* at 3, ¶¶ 14-16). The letter, according to the complaint, omitted "additional information required by 15 U.S.C. § 1692g(a)." (Doc. 1 at 3, ¶ 17).

In its motion to dismiss, JTM challenges Washington's contentions that it is either directly or vicariously liable to Washington under the FDCPA. It contends that it, as mere holder of her debt to Mid-America Bank and Trust, it was not responsible for any FDCPA violations by Weinberg. (*Id.* 1 at 6, ¶ 35).

**Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* At this stage, I must "draw all reasonable inferences in favor of [plaintiffs]." *Courtright v. City of Battle Creek*, 839 F.3d 513, 520 (6th Cir. 2016).[1]

## Analysis

"The FDCPA applies only to 'debt collectors.'" *Smith v. U.S. Bank Nat'l Ass'n*, 2018 WL 1488391, *7 (N.D. Ohio) (Pearson, J.). Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.§ 1692a(6).

The parties dispute whether JTM is a debt collector under either the "principal purpose" or the "regularly collects" definition.

JTM argues that it does not meet the principal purpose definition because it "does not take affirmative action to collect on the account and contracts with a third-party for collection efforts." (Doc. 5 at 7). I disagree.

The parties' briefs identify a split among district courts respecting whether an entity that purchases a debt then contracts with a third party to pursue past due amounts is a debt collector. (*See* Doc. 5 at 7-11; Doc. 9 at 6-10 (collecting cases)). Likewise, two of my esteemed colleagues in this district reached opposite results in cases with, at least superficially, similar facts. *Compare*

---

[1] Plaintiff attaches to her opposition brief JTM's Ohio Secretary of State registration and a list of complaints filed against JTM with the Consumer Protection Financial Bureau. (Doc. 9-1; Doc. 9-2). "[T]he Federal Rules [of Civil Procedure] limit [my] consideration of extraneous materials at [the motion to dismiss] stage." *Geiling v. Wirt Fin. Servs., Inc.*, 2014 WL 8473822, *4. I therefore decline to review these materials or give them any heed in my adjudication of the pending motion. *See id.* (collecting cases excluding materials outside the pleadings on a motion to dismiss).

*Smith*, *supra*, 2018 WL 1488391 at *7-8 *with Carlo v. Midwest Recovery Sys., LLC*, 2018 WL 5267163 (N.D. Ohio) (Gaughn, C.J.).

In *Smith*, *supra*, Judge Pearson held that a mortgage purchaser that used its servicing agent to pursue defaulted amounts was not a debt collector. 2018 WL 1488391 at *7-8. Citing *Henson v. Santander Consumer USA Inc.*, --- U.S. ----, 137 S.Ct. 1718, 1724 (2017), Judge Pearson explained that the mortgage purchaser "was not a debt collector . . . because [it sought] to collect Plaintiffs' debt on its own behalf." 2018 WL 1488391 at *7.

The facts and contentions in *Smith* are different from this case.

Here, the parties dispute whether JTM falls within either of the FDCPA's definitions of the term debt collector. [2] The defendants in *Smith*, however, argued that the plaintiffs in that case failed to allege even that the defendants were debt collectors. Motion of Defendants U.S. Bank Nat'l Ass'n & Select Portfolio Servicing, Inc. to Dismiss Plaintiffs' Complaint, *Smith*, *supra*, 2018 WL 1488391 (No. 4:17-cv-01142). Then, on reply, defendants argued that they were not debt collectors under *Henson*, *supra*, which limited its analysis to the regularly collects definition. Reply in Support of Motion of Defendants U.S. Bank Nat'l Ass'n & Select Portfolio Servicing, Inc. to Dismiss Plaintiffs' Complaint, *Smith*, *supra*, 2018 WL 1488391 (No. 4:17-cv-01142) (citing 137 S.Ct. at 1724). Accordingly, Judge Pearson, in her opinion, relied on *Henson* without considering the principal purpose definition; she did not need to do so because the

---

[2] I agree with JTM, however, that it does not meet the § 1692a(6) definition of one who "regularly collects . . . debts." The Supreme Court in *Henson*, *supra*, 137 S.Ct. at 1721-22 held that an entity, like JTM, that purchases a debt and seeks to collect "for its own account" does not meet that definition. Accordingly, I analyze only whether the statute's principal purpose definition applies to JTM.

4

parties did not dispute whether that definition applied. *See* 2018 WL 1488391 at *7 (quoting 137 S.Ct. at 1721).

Moreover, the mortgage purchaser in *Smith* was a bank. Accordingly, the mortgage purchaser presumably performed a variety of financial functions, such as lending, investing, and so on. *See* 2018 WL 1488391 at *2. JTM, conversely, "specializes in delinquent account receivables management," (Doc. 1 at 2, ¶ 6 (internal quotations omitted)), and identifies no other business objectives.

Judge Pearson's opinion in *Smith*, therefore, is distinguishable from this case.

The facts in *Carlo v. Midwest Recovery Systems, LLC*, 2018 WL 526716 (N.D. Ohio) (Gaughn, C.J.), on the other hand, are nearly identical those here.

In *Carlo*, Chief Judge Gaughn examined whether JTM met the principal purpose definition of the term debt collector. First, she distinguished *McAdory v. M.N.S. Assoc., LLC*, 2017 WL 5071263 (D. Or.), upon which JTM relies here (Doc. 5 at 9-10). In *McAdory*, Chief Judge Gaughn explained, the plaintiff contended only "that the defendant purchased defaulted debts and then contracted with debt collectors across the country who would collect on those debts." *Carlo*, 2018 WL 5267163 at *2 (citing 2017 WL 5071263 at * 1-2). Chief Judge Gaughn then contrasted the *Carlo* plaintiff's complaint:

> Plaintiff alleges that JTM: (1) "specializes in delinquent account receivables management;" (2) has a principal purpose of collecting debts; and (3) "directly or through its agent" collects upon purchased debt and receivables. Thus, Plaintiff has alleged that JTM is more than merely a passive debt purchaser. At this early stage of the proceedings, these allegations are sufficient.

2018 WL 5267163 at *2.

Accordingly, Chief Judge Gaughn denied JTM's motion to dismiss, rejecting the very argument it raises here. *Id.* I find Chief Judge Gaughn's reasoning persuasive.

Washington's allegations are nearly identical to those in *Carlo*. (*See* Doc. 1 at 2-4, ¶ 6, 11, 26). Her complaint, therefore, plausibly demonstrates that JTM meets the principal purpose definition of a debt collector; it asserts that JTM is "more than merely a passive debt purchaser." *Carlo*, *supra*, 2018 WL 526163, *2; *see also id.* at *2 n.3 (distinguishing cases, which JTM also cites here, applying higher summary judgment standard in determining whether an entity is a debt collector under the FDCPA) (internal citations omitted). JTM provides no authority from this Circuit to convince me otherwise.[3]

I therefore deny JTM's motion to dismiss.

**Conclusion**

It is hereby

ORDERED THAT

Defendant JTM Capital Management, LLC's motion to dismiss (Doc. 5) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[3] JTM's cite to *Grier v. Simmons & Clark Jewelers*, 2012 WL 1247171 (E.D. Mich.) does not support its position. The court in *Grier* held that a *creditor* did "not become a 'debt collector' under 15 U.S.C. § 1692a(6) simply because it hire[d] a debt collector to collect its debts.. *Id.* at *5. "As a general matter, creditors who are collecting debts owed to them do not fall within the purview of the FDCPA." *Id.* at *4. But JTM is not a creditor; it did not "offer or extend credit" to Washington. 15 U.S.C. § 1692a(4).