UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

| | |
|---|---|
| ADIA A. WASHINGTON<br><br>　　　　Plaintiff<br><br>vs.<br><br>WEINBERG MEDIATION GROUP, LLC and<br>JTM CAPITAL MANAGEMENT, LLC<br><br>　　　　Defendants | CASE NO.:<br>3:18-CV-02008-JGC<br><br><br>THE HONORABLE<br>UNITED STATES DISTRICT JUDGE<br>JAMES G. CARR<br><br><br>THE HONORABLE<br>UNITED STATES MAGISTRATE JUDGE<br>JAMES R. KNEPP, II |

## DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant JTM Capital Management, LLC ("Defendant"), by and through its undersigned attorneys, answering the Complaint, on information and belief:

### NATURE OF THE ACTION

1.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1, and therefore denies same.

### JURISDICTION AND VENUE

2.     The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 2.

3.     The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 3.

1

**PARTIES**

4.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4, and therefore denies same.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5, and therefore denies same.

6.      Defendant denies each and every allegation in Paragraph 6.

7.      Defendant denies each and every allegation in Paragraph 7.

8.      Defendant denies each and every allegation in Paragraph 8.

**FACTS SUPPORTING CAUSES OF ACTION**

9.      Defendant denies each and every allegation in Paragraph 9.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies same.

11.      Defendant denies each and every allegation in Paragraph 11.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies same.

13.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13, and therefore denies same.

14.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14, and therefore denies same.

15.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15, and therefore denies same.

16.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16, and therefore denies same.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17, and therefore denies same.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18, and therefore denies same.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19, and therefore denies same.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20, and therefore denies same.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21, and therefore denies same.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22, and therefore denies same.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23, and therefore denies same.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24.     With respect to Paragraph 24, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25, and therefore denies same.

26.     Defendant denies each and every allegation in Paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27, and therefore denies same.

### a.      *Violations of FCPA § 1692e*

28.      The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 28.

29.      The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 29.

30.      Defendant denies each and every allegation in Paragraph 30.

31.      Defendant denies each and every allegation in Paragraph 31.

32.      Defendant denies each and every allegation in Paragraph 32.

### b.      *Violations of FCPA § 1692g*

33.      The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 33.

34.      Defendant denies each and every allegation in Paragraph 34.

35.      Defendant denies each and every allegation in Paragraph 35.

### <u>FIRST AFFIRMATIVE DEFENSE</u>

36.      The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

37.      The claims alleged in the Complaint are barred by the statute of limitations.

### <u>THIRD AFFIRMATIVE DEFENSE</u>

38.      Plaintiff failed to mitigate her damages.

4

### FOURTH AFFIRMATIVE DEFENSE

39.     Plaintiff's claim may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions.

### FIFTH AFFIRMATIVE DEFENSE

40.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by third parties over whom Defendant had no control or authority.

### SIXTH AFFIRMATIVE DEFENSE

41.     Plaintiff's damages, if any, are speculative.

### SEVENTH AFFIRMATIVE DEFENSE

42.     To the extent Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

### EIGHTH AFFIRMATIVE DEFENSE

43.     To the extent Defendant's actions violated the law, such actions were neither intentional, nor willful.

### NINTH AFFIRMATIVE DEFENSE

44.     Defendant does not meet the statutory definition of debt collection set forth in the Fair Debt Collection Practices Act.

### TENTH AFFIRMATIVE DEFENSE

45.     Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

### ELEVENTH AFFIRMATIVE DEFENSE

46.     Plaintiff lacks Article III standing to pursue the claims in the Complaint.

WHEREFORE, Defendant JTM Capital Management, LLC. respectfully demands judgment against Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

Respectfully submitted by:

*s/ Michael J. Palumbo*

Michael J. Palumbo, Esquire
Ohio Attorney Registration #0081718
Anthony J. Gingo, Esquire
Ohio Attorney Registration #0085669
Gingo Palumbo Law Group LLC
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
Telephone: (216) 503-9512
Facsimile: (888) 827-0855
E-Mails: michael@gplawllc.com
            anthony@gplawllc.com
*Counsel for Defendant, JTM Capital Management, LLC*

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, JTM Capital Management, LLC, certifies the following:

1. ***Defendant JTM Capital Management, LLC's Answer to Plaintiff's Complaint with Affirmative Defenses*** was filed on the date above via the CM/ECF Filing System for the United States District Court for the Northern District of Ohio (Western Division – Toledo).

2. The Parties appearing on the Notice of Electronic Filing, and as noted below, may access the foregoing and aforesaid pleading through the CM/ECF system:

   Anthony J. Gingo, Esquire, anthony@gplawllc.com
   Taxiarchis Hatzidimitriadis, Esquire, thatz@sulaimanlaw.com
   Michael J. Palumbo, Esquire, michael@gplawllc.com
   Nathan C. Volheim, Esquire, nvolheim@sulaimanlaw.com

3. A true and accurate copy of the aforesaid pleading was served on the date above via United States regular mail, postage prepaid, upon the following:

   Weinberg Mediation Group, LLC
   3380 Sheridan Drive, Suite 133
   Buffalo, New York 14266

*s/ Michael J. Palumbo*

Michael J. Palumbo, Esquire
Anthony J. Gingo, Esquire
*Counsel for Defendant, JTM Capital Management, LLC*