EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

| ADIA A. WASHINGTON | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | CASE NO.: 18-cv-02008 |
| v. | ) ) ) | THE HONORABLE JAMES G. CARR |
| WEINBERG MEDIATION GROUP, LLC JTM CAPITAL MANAGEMENT, LLC | ) ) ) | UNITED STATES DISTRICT JUDGE |
| Defendants. | ) ) ) | THE HONORABLE JAMES R. KNEPP, II UNITED STATES MAGISTRATE JUDGE |

**DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S**
**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant JTM Capital Management, LLC ("JTM") for its response to Plaintiff's Interrogatories herein, alleges upon information and/or knowledge and/or belief:

**RESPONSES**

Defendant is required to provide a written response to the following interrogatories:

1. State the name, address and title of each and every party or individual providing any information or documents with respect to the answers to these Interrogatories, Requests to Produce, and Requests to Admit.

**Response:** Michael Hyla, Vice President of Compliance, may have assisted in responding to the subject Interrogatories.

2. Please identify by name, case number, and jurisdiction, any and all cases where Defendant has been found to have violated and/or has been alleged to have violated the Fair Debt Collection Practices Act ("FDCPA") or where Defendant settled an FDCPA violation or alleged violation by way of payment of any United States currency. This question relates to any such actions taken within five (5) years of the date of the filing of the underlying lawsuit.

**Response:** Defendant objects to this Interrogatory as it seeks information outside the allegations of the Complaint and not related to the proportional needs of the case. Specifically,

the Fair Debt Collection Practices Act is a strict liability statute and whether Defendant has been named in prior litigation has no bearing on whether Defendant violated the Fair Debt Collection Practices Act herein. *See* Stanecki v. Turning Point Capital, Inc., 2013 WL 1966917 (D. Co. May 13, 2013). In addition, this Interrogatory is overly broad as to time. Finally, the information requested is confidential that would preclude Defendant from discussing same.

3. State the name, address, title, and job description of each of Your employee(s) who had oversight of or otherwise controlled the creation of the Collection Letter(s) sent to Plaintiff.

**Response:** Defendant has never sent any written communication to Plaintiff.

4. State the name, address, title, and job description of each individual who authorizes or approves the content, nature, and/or structure of the Collection Letter(s) sent in connection with debts said to be owed to You.

**Response:** Defendant has never sent any written communication to Plaintiff. Defendant does not send written communication to consumers.

5. Identify the nature of Your role in creating or otherwise controlling the information contained in the Collection Letter(s) sent to Plaintiff.

**Response:** Defendant has never sent any written communication to Plaintiff.

6. Identify the nature of Your role as it relates to sending of the Collection Letter(s) to Plaintiff.

**Response:** Defendant has never sent any written communication to Plaintiff.

7. Please state the number of Collection Letters You have sent, caused to be sent, or have otherwise directed a third party to send in connection with account(s) owed to you, to any accounts that You own, service, or upon which You were collecting or attempting to collect a debt, during the relevant time period.

**Response:** Defendant does not send letters to consumers.

8. Please state in detail the transactions and/or any and all agreements relating to Your acquisition of the rights to collect upon the subject debt.

**Response:** Defendant acquired the subject debt from Total Card on or about May 18, 2017.

9. Please list any and all agreements, assignments, and/or insurance policies that You have in place either to indemnify/insure or be indemnified/insured for Your activities relating to Plaintiff, including but not limited to all agreements by and between You and any third parties relating to the instant matter.

**Response:** Defendant does not have insurance coverage for allegations in the Complaint.

10. Identify any system, computer software, application, or other form of technology used by You or any third parties to generate the Collection Letters sent to Plaintiff.

**Response:** Defendant has never sent written communication to Plaintiff.

11. To the extent not previously done, identify all documents relevant, related to, or reflecting any aspect of any efforts undertaken by You to collect any debt(s) from Plaintiff, or to any debt(s) purportedly owed by Plaintiff to You.

**Response:** Defendant has not taken any steps to collect on the subject debt from Plaintiff.

12. Identify the nature of Your relationship to co-defendant Weinberg Mediation Group, LLC.

**Response:** Defendant contracted with third party Weinberg Mediation Group, LLC for the collection debts.

13. State the name, title or position, address and phone number of each and every witness that Defendant plans to call to testify at trial in this case and state the substance of the testimony expected from each witness.

**Response:** At this juncture, Defendant is unsure who it will call as a witness at trial. Defendant reserves the right to supplement this response.

14. Explain the basis for any claim that any violation alleged in the complaint was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Identify what procedures are maintained and how they are adapted to avoid the matters complained of.

**Response:** Defendant withdraws its affirmative defense related to bona fide error.

15. Identify the individuals working for co-defendant Weinberg Mediation Group, LLC that You have dealt with or spoken with in connection with Your utilization of Weinberg Mediation Group, LLC to collect upon debts owed to You.

**Response:** Defendant has spoken with Jerry VerHagen, the owner of Weinberg Mediation Group, LLC.

16. Identify how long You have used Weinberg Mediation Group, LLC's debt collection services.

**Response:** Upon information and belief, Defendant first contracted with third party Weinberg Mediation Group, LLC in or about October 2016. On or about January 20, 2019, Defendant ceased conducting business with Weinberg Mediation Group, LLC.

Dated: August 13, 2019

Respectfully submitted by:

*s/ Michael J. Palumbo*

_____
Michael J. Palumbo, Esquire
Ohio Attorney Registration #0081718
Anthony J. Gingo, Esquire
Ohio Attorney Registration #0085669
Gingo Palumbo Law Group LLC
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
Telephone: (216) 503-9512
Facsimile: (888) 827-0855
E-Mails:    michael@gplawllc.com
            anthony@gplawllc.com

*Counsel for JTM Capital Management, LLC*

## VERIFICATION

Michael Hyla, first being duly sworn, deposes and states that he is the Vice President of Compliance for JTM Capital Management, LLC, a Defendant in the above-entitled action; that he has read the foregoing Response to the Plaintiff's Interrogatories and knows the contents thereof; that the statements of fact above are true to the best of his knowledge except as to those matters alleged, upon information and belief, and that as to those matters, he believes them to be true.

_____
Michael Hyla

CERTIFICATE OF SERVICE

I, Michael J. Palumbo, one of the attorneys for Defendant, JTM Capital Management, LLC, do certify that a true and accurate copy of Defendant JTM Capital Management, LLC's Responses and Objections to Plaintiff's Interrogatories was served on August 13, 2019 via email United States regular mail, postage prepaid, upon the following:

Nathan C. Volheim, Esquire
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, IL 60148
*Counsel for Plaintiff*

*s/ Michael J. Palumbo*

Michael J. Palumbo, Esquire
Anthony J. Gingo, Esquire
*Counsel for JTM Capital Management, LLC*