# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# TOLEDO DIVISION

| | | |
|---|---|---|
| ADIA A. WASHINGTON | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 18-cv-02008 |
| | ) | |
| v. | ) | THE HONORABLE |
| | ) | JAMES G. CARR |
| WEINBERG MEDIATION GROUP, LLC | ) | UNITED STATES DISTRICT JUDGE |
| JTM CAPITAL MANAGEMENT, LLC | ) | |
| | ) | THE HONORABLE |
| Defendants. | ) | JAMES R. KNEPP, II |
| | ) | UNITED STATES MAGISTRATE JUDGE |

**DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Michael J. Palumbo, Esquire
Anthony J. Gingo, Esquire
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
Telephone: (216) 503-9512
Facsimile: (888) 827-0855
Emails: michael@gplawllc.com
anthony@gplawll.com

Brendan H. Little, Esquire
*Admitted Pro Hac Vice*
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14203
Email: blittle@lippes.com

*Counsel for Defendant,*
*JTM Capital Management, LLC*

**PRELIMINARY STATEMENT**

JTM Capital Management, LLC ("JTM") submits the following reply memorandum of law in further support of its motion for summary judgment.[1]

**I.    THE PARTIES DO NOT DISPUTE THAT JTM IS A CREDITOR**

JTM's motion for summary judgment established: (1) that JTM is a creditor as defined by the Fair Debt Collection Practices Act ("FDCPA"); and (2) that creditors are not subject to the FDCPA.

In opposition, Plaintiff does not dispute JTM is a creditor. Plaintiff does not address the longstanding precedent in the Sixth Circuit that a creditor is not subject to the purview of the FDCPA. Instead, Plaintiff argues this Court should rely instead on two Third Circuit cases, *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 368 (3d. Cir. 2018) and *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260 (3d. Cir. 2019), to undermine Sixth Circuit precedent and hold that an entity qualifying as a creditor is still subject to the FDCPA. As detailed below, the Court should reject Plaintiff's argument and hold JTM, as a creditor, is not subject to the FDCPA.

Plaintiff turns a blind eye to Sixth Circuit precedent and numerous district courts within the Sixth Circuit who have unequivocally held that an entity that qualifies as a creditor is not subject to the purview of the FDCPA. *See, e.g.*, *Ryan v. Romo*, 2018 WL 3116931, at *2 (6th Cir. Jan. 2, 2018) (noting that the creditor could not be sued under the FDCPA); *King v. Bank of Am., N.A.*, 2019 WL 3290333, at *11 (N.D. Ohio July 22, 2019) (holding a creditor is not subject to the FDCPA); *Samples v. Medicredit, Inc.*, 2019 WL 2409676, at *4 (M.D. Tenn. June 7, 2019) (noting a debt collector cannot also be a creditor); *Meadows v. Caliber Home Loans*, 2019 WL 1242667,

---

[1] The parties have submitted dueling footnotes with regard to the length of JTM's memorandum in support of its motion for summary judgment. JTM reiterates that its motion falls within the exception articulated in the Court's individual preferences which allows for longer briefing if the number of issues or their complexity warrant lengthier briefing.

2

at *2 (M.D. Tenn. Mar. 18, 2019) (stating the FDCPA does not apply to creditors); *Bostock v. Westlake Fin. Sols. LLC*, 2019 WL 451337, at *3 (S.D. Ohio Feb. 5, 2019), report and recommendation adopted sub nom. *Bostock v. Westlake Fin. Sols. LLC*, 2019 WL 1318337 (S.D. Ohio Mar. 22, 2019) (granting motion for judgment of the pleadings because the defendant was a creditor, to whom the FDCPA did not apply); *Rajapakse v. Credit Acceptance Corp*, 2019 WL 422236, at *5 (E.D. Mich. Jan. 30, 2019), report and recommendation adopted sub nom. *Rajapakse v. Credit Acceptance Corp.*, 2019 WL 948767 (E.D. Mich. Feb. 27, 2019) (FDCPA does not apply to creditors attempting to collect on their own debt); *Roes v. Specialized Loan Servicing, LLC*, 2018 WL 3636543, at *3 (E.D. Tenn. July 31, 2018) (FDCPA does not apply to creditors); *McVoy v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3029087, at *4 (W.D. Mich. Feb. 1, 2018), report and recommendation adopted, 2018 WL 1477583 (W.D. Mich. Mar. 27, 2018) (the definition of debt collector does not include the consumer's creditors); *Forgues v. Carpenter Lipps & Leland LLP*, 2017 WL 4296188, at *6 (N.D. Ohio Sept. 28, 2017) (A creditor is not subject to the FDCPA restrictions placed on debt collectors); *Morse v. Specialized Loan Servicing, LLC*, 2017 WL 10456188, at *2 (S.D. Ohio May 16, 2017) (the FDCPA does not apply to creditors).

In fact, in its own decision denying JTM's motion to dismiss in this case, this Court correctly noted that creditors who are collecting debts owed to them do not fall within the purview of the FDCPA. (Doc. 14, p. 6); *Washington v. Weinberg Mediation Grp., LLC*, 2019 WL 1080883, at *3 (N.D. Ohio Mar. 7, 2019). While this Court, at the motion to dismiss stage, determined JTM was not a creditor, the same cannot be true on summary judgment. First, the parties do not dispute that JTM is a creditor as defined by the FDCPA. Second, the definition of creditor is not limited to only persons who extend credit, originate or create a debt. Instead, purchasers of debt are explicitly included in the definition of creditor, regardless of whether the debt was in default at the

3

time of purchase. "Congress expressly differentiated between a person who 'offers credit' (the originator) and a person 'to whom a debt is owed' (the present debt owner)" when including debt buyers in the definition of "creditor." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1723 (2017) (citing 15 U.S.C. § 1692a(4)). Accordingly, the record establishes JTM is a creditor.

Indeed, the Supreme Court in *Henson* articulated the exact basis that the above courts relied upon to hold creditor are not subject to the FDCPA, stating that a company collecting purchased defaulted debt for its own account "would hardly seem to be barred from qualifying as a creditor under the statute's plain terms." *See Henson*, 137 S. Ct. at 1723. Simply put, this Court should rely upon the rationale in *Henson*, follow the long line of decisions in this Circuit and determine that JTM, as a creditor, is not subject to the FDCPA.

## II.    PLAINTIFF'S ARGUMENT WITH REGARD TO PRINCIPAL PURPOSE IGNORES EVERY CASE THAT DOES NOT SUPPORT HER ARGUMENT

In the event the Court determines that as a creditor JTM is still subject to the FDCPA, it nonetheless remains entitled to summary judgment. In opposition, Plaintiff concedes that the record does not support a finding that JTM could qualify as a debt collector under the regularly collects definition stated in 15 U.S.C. § 1692a(6). Accordingly, the only way JTM can be a debt collector in this case is if the Court determines it meets the principal purpose definition stated in 15 U.S.C. § 1692a(6).

JTM's motion for summary judgment establishes its principal purpose is not collecting debts by: (1) highlighting to the use of the word collection throughout the FDCPA to guide its meaning in 15 U.S.C. § 1692a(6); (2) demonstrating that Congress' intent in enacting the FDCPA was to regulate interaction with the consumer; (3) analyzing the opinions that have already held that debt buyers, like JTM, are not debt collectors; and (4) explaining how the Third Circuit's holding in *Barbato* is misplaced. (Doc. 19, p. 4-16).

Plaintiff's opposition breezes past JTM's arguments and simply ignores the plain text of the FDCPA and the legislative history of the FDCPA in its entirety. Plaintiff also turns a blind eye to any decision that cuts against Plaintiff's argument[2]. Instead, Plaintiff would have this Court read *Barbato* and summarily follow the Third Circuit.[3] Critically, Plaintiff's opposition does not even address the fact that another federal court has already held, as a matter of law, that JTM is not a debt collector. *See Schenider v. JTM Capital Management, LLC*, 2018 WL 2276238, at *5 (D. Or. Mar. 22, 2018) adopted by 2018 WL 2248451 (D. Or. May 15, 2018) (the definition of 'debt collector' does not include purely passive debt purchasing activity). Plaintiff's opposition does not address that there are multiple district courts that have previously determined that a debt buyer who takes no affirmative action to collect does not have a principal purpose of which is the collection of debts. *See McAdory v. M.N.S. Assoc., LLC*, 2017 WL 5071263 (D. Or. Nov. 3, 2017), *reconsideration denied* 2018 WL 1256482 (D. Or. Mar. 11, 2018) (appeal pending); *Gold v. Midland Credit Mgmt, Inc.*, 82 F. Supp. 3d 1064 (N.D. Cal. 2015); *Kasalo v. Trident Asset Management, LLC*, 53 F. Supp. 3d 1072, 1079 (N.D. Ill. 2014).

The FDCPA governs the <u>interaction</u> between a debt collector and a consumer, regulating abusive practices in <u>the collection of</u> debts. 15 U.S.C. § 1692e; *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010). Passive debt buyers are creditors who have no interaction with a consumer. It belies reason to conclude a debt buyer has a principal purpose of collecting debts when it does not engage in collection. This dichotomy is accurately illustrated by

---

[2] Plaintiff does reference *Mullery v. JTM Capital Management, LLC*, 2019 WL 2135484 (W.D.N.Y. May 16, 2019) and *Arango v. GMA Invs., LLC*, 2019 WL 1916202 (D.N.J. Apr. 30, 2019). However, both decisions concerned adjudication of pre-answer motions to dismiss and neither decision performed an analysis regarding the merits of JTM's position herein.
[3] JTM acknowledges the *Barbato* decision in its motion for summary judgment and also articulates why the Third Circuit's decision in *Barbato* is misplaced. (Doc. 19, p. 14-16). As Plaintiff's opposition regurgitates the holding in *Barbato* without providing any unique insight into its flawed reasoning, JTM will not rehash its argument with regard to *Barbato* in this reply memorandum.

5

the undisputed actions (or inactions) of the defendants in this lawsuit. As stated in the Affidavit of Plaintiff, co-defendant Weinberg Mediation Group, LLC ("Weinberg Mediation"), is alleged to have sent written communication and speak to Plaintiff on the phone in an attempt to collect a debt in violation of the FDCPA. (Doc. 26, ¶¶ 4-7). The substance of the interaction, i.e. sending a letter and making a phone call, create the basis for potential liability against Weinberg Mediation in this lawsuit. To the contrary, Plaintiff concedes JTM never contacted her and never sent her written communication. (Doc. 25, ¶ 4). JTM is named as a defendant in this lawsuit solely because it is the creditor and owner of Plaintiff's debt who contracted with a third party to attempt to collect it. Plaintiff is bending over backwards to contort the statutory text and purpose of the FDCPA in an attempt to reach JTM. *See* Part I *supra*; (Doc. 19-1, p. 4-16).

Although Plaintiff emphatically concludes this Court must follow *Barbato*, she fails to articulate why. Whether a debt buyer's principal purpose is the collection of debts is certainly not settled law and Plaintiff's failure to address cases contrary to her position illustrates the weakness inherent in those precise arguments. JTM submits this Court should follow the common sense analysis employed by *McAdory, Schenider*, *Gold*, and *Kasalo* and hold JTM's principal purpose is not the collection of debts.

### III. JTM DID NOT CONTROL THE ACTIONS OF WEINBERG MEDIATION GROUP, LLC

In the event the Court determines that there is a question of fact as to whether JTM qualifies as a debt collector under the FDCPA, it is still entitled to summary judgment. In opposition to JTM's motion, Plaintiff concedes that JTM did not violate the FDCPA in this case. Accordingly, the ***only*** way JTM can be subject to liability is if this Court finds JTM can be vicariously liable for the actions or co-defendant Weinberg Mediation.

Plaintiff's opposition also concedes that in order to be vicariously liable under the FDCPA, a principal must exercise control over the conduct of activities of the agent. (Doc. 19-1, p. 18; Doc. 24, p. 9). The key phrase for the Court in this regard is "conduct or activities." The testimony of JTM's Vice President of Compliance, Michael Hyla, is unequivocal, JTM does not and cannot control the actions of Weinberg Mediation or its employees – as Weinberg Mediation is an entirely separate company. JTM does not have access to or control over Weinberg's internal business records, procedures, or systems. *See* Statement of Material Facts, ("SOF"), ¶ 12. As detailed in Mr. Hyla's testimony, JTM has no control over the manner in which Weinberg decides to word a collection letter, no control over the timing Weinberg sends out its letters, no ability to dictate the substance of phone conversations Weinberg has with debtors, no ability to discipline Weinberg employees for unacceptable conduct, and no ability to reward Weinberg employees for above average conduct. (Doc. 19-1, p. 19-20; Doc. 21, p. 35; 40-45). Put simply, JTM has no ability to control the actions of Weinberg.

Understanding she cannot dispute this fact, Plaintiff pivots, arguing that JTM's ability to exercise control the terms of the contract between JTM and Weinberg allows for vicarious liability to be extended to JTM. This argument is wholly unsupported by law. Plaintiff's opposition does not point to a single case to support this position nor does she attempt to distinguish the cases cited by JTM, which explicitly require control over the conduct or activities of the agent for vicarious liability to extend. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006); *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 283 (E.D.N.Y. 2017), *as revised* (June 16, 2017); *Clark v. v. Main St. Acquisition Corp.*, 2013 WL 2295879, at *7 (S.D. Ohio May 24, 2013*), aff'd sub nom. Clark v. Main St. Acquisition Corp.*, 553 F. App'x 510 (6th Cir. 2014); *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 259 (S.D.N.Y.

2011); *McNall v. Credit Bureau of Josephine Cty.*, 689 F. Supp. 2d 1265, 1277 (D. Or. 2010). Regardless, Plaintiff requests that this Court authorize an impermissible and vast expansion of vicarious liability to each and every individual or company that enters into a contract with a third party. This Court should reject Plaintiff's argument and determine that where a principal does not control the conduct or activities of an agent, the principal cannot be held liable for the acts of an agent.

Moreover, Plaintiff's own argument is further undercut by the record as the Collection Services Agreement (the "Agreement") between JTM and Weinberg does not support her argument. Section 2.3.1 of the Agreement states that Weinberg agrees to undertake the collection of accounts placed within it for the purpose of collection and to use due diligence, best efforts and to employ such lawful means, methods and procedures; which, in *Weinberg's reasonable judgment*, it believe will best effect the collection of such accounts. (Doc. 22-4, p. 9) (emphasis added). Section 2.3.2 of the Agreement states that Weinberg will maintain detailed records with respect to the accounts placed with it for collection. Nothing in Section 2.3.2 dictates or requires how Weinberg complies with its obligation to maintain records and it has nothing to do with how Weinberg attempts to collect debt from consumers. (Doc. 22-4, p. 9). Finally, Section 2.8.1 of the Agreement states that Weinberg comply with the law when it attempts to collect debt. (Doc. 22-4, p. 11). While Plaintiff argues that this provision suggests that JTM maintains control over Weinberg, in reality, it is the not the Agreement that requires Weinberg to comply with federal and state law, federal and state law require Weinberg to comply with federal and state law. Mr. Hyla's testimony summarizes this point, best:

> Q: So by virtue of that, would you agree that JTM does have a form
> of control over these third party collection agencies?
> Mr. Little: Object to the form.

8

> A: No, I would say that [JTM] has the ability to control the – just the actual agreement itself, not control of the agency.

(Doc. 21, p. 41, lines 8-14). Plaintiff's broad sweeping assumptions about control boil down to a simple misplaced argument – because the contract states Weinberg must comply with the codified statutes and take reasonable steps to collect the debt placed with it, JTM is somehow vicariously liable for Weinberg's purported failure to do so. This application of vicarious liability incorrectly looks to the relationship of the parties and ignores the scope of that relationship created by the parties' agreement. However, the record in this lawsuit unequivocally demonstrates that JTM did not control the conduct or activity of Weinberg. Accordingly, JTM cannot be held vicariously liable for Weinberg's alleged acts and summary judgment in that regard is warranted.

## CONCLUSION

For the reasons in its motion for summary judgment and in the subject brief, JTM respectfully requests the Court grant JTM's motion for summary judgment and dismiss the Complaint in its entirety.

Dated:  January 31, 2020 	Respectfully submitted,


	*s/ Michael J. Palumbo*
	_____
	Michael J. Palumbo, Esq.
	Ohio Attorney Registration #0081718
	Anthony J. Gingo, Esq.
	Ohio Attorney Registration #0085669
	Summit One
	4700 Rockside Road, Suite 440
	Independence, Ohio 44131
	Telephone: (216) 503-9512
	Facsimile: (888) 827-0855
	Emails: michael@gplawllc.com
	           anthony@gplawllc.com

	Brendan H. Little, Esq.
	*Admitted Pro Hac Vice*
	Lippes Mathias Wexler Friedman LLP
	50 Fountain Plaza, Suite 1700
	Buffalo, New York 14203
	Email: blittle@lippes.com

	*Counsel for Defendant,*
	*JTM Capital Management, LLC*

CERTIFICATE OF SERVICE

The undersigned hereby certifies the following:

1. ***Defendant JTM Capital Management, LLC's Reply Brief in Further Support of Its Motion for Summary Judgment*** was filed on the date above via the CM/ECF Filing System for the United States District Court for the Northern District of Ohio (Western Division – Toledo).

2. The Parties appearing on the Notice of Electronic Filing, and as noted below, may access the foregoing and aforesaid pleading through the CM/ECF system:

    Anthony J. Gingo, Esquire, anthony@gplawllc.com
    Taxiarchis Hatzidimitriadis, Esquire, thatz@sulaimanlaw.com
    Brendan H. Little, Esquire, blittle@lippes.com
    Michael J. Palumbo, Esquire, michael@gplawllc.com
    Nathan C. Volheim, Esquire, nvolheim@sulaimanlaw.com

3. A true and accurate copy of the aforesaid pleading was served on the date above via United States regular mail, postage prepaid, upon the following:

    Weinberg Mediation Group, LLC
    3380 Sheridan Drive, Suite 133
    Buffalo, New York 14266

    *s/ Michael J. Palumbo*
    _____
    Michael J. Palumbo, Esquire
    Anthony J. Gingo, Esquire
    Brendan H. Little, Esquire

    *Counsel for Defendant,*
    *JTM Capital Management, LLC*